IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| SYLVIA BARNES, *et al.*, : | |
| : | |
| Plaintiffs, : | |
| : | |
| v. : | CIVIL ACTION NO. |
| : | 1:11-CV-3967-RWS |
| UNITED HOME CARE OF : | |
| NORTH ATLANTA, INC., *et al.*, : | |
| : | |
| Defendants. : | |

**ORDER**

This case is before the Court for consideration of Plaintiffs' Motion for Entry of Judgment [47], Plaintiffs' Petition for Attorney's Fees and Costs [57], and Defendants' Motion for Leave to Supplement Record [69]. After reviewing the record, the Court enters the following Order.

As an initial matter, Defendants' Motion for Leave to Supplement Record [69] is **GRANTED**.

On March 5, 2013, the Court entered an Order [54] approving the settlements of the Plaintiffs' claims under the Fair Labor Standards Act ("FLSA"). Plaintiffs were directed to submit their application for fees and

AO 72A
(Rev.8/82)

costs, which they did on April 1, 2013. As the prevailing parties Plaintiffs are entitled to attorney's fees and costs pursuant to 29 U.S.C. § 216(b). "The starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate. The product of these two figures is the lodestar and there is a strong presumption that the lodestar is the reasonable sum the attorneys deserve." Bivins v. Wrap It Up, Inc., 548 F.3d 1348, 1350 (11th Cir. 2008) (internal citations and quotations omitted).

Defendants have not objected to the hourly rate sought by Plaintiffs' counsel. However, Defendants challenge the number of hours for which compensation is sought and urge the Court to make an across-the-board cut in the fee request. "When a district court finds the number of hours claimed is unreasonably high, the court has two choices: it may conduct an hour-by-hour analysis or it may reduce the requested hours with an across-the-board cut." Id. The Court has carefully considered the contentions of each of the parties concerning the hours expended by counsel. The Court finds that there are instances where excess hours appear to be charged for some of the work performed by counsel. Also, the Court questions whether some of the work performed by Plaintiffs' counsel was necessary or needlessly protracted the

litigation.  Likewise, the Court questions whether some of the actions by Defendants also needlessly protracted the litigation.  The Court has also considered the results obtained by Plaintiffs as compared to their early demands in the case.  In considering these matters, the Court finds that it would be inefficient to attempt to parse out the hours for which an award should not be made.  Rather, the Court deems it appropriate to make an across-the-board reduction in the fee request.  After considering the relevant factors, Plaintiffs are awarded $68,000 in attorneys' fees and $1,435.97 for costs against Defendants.

Based on the foregoing, Plaintiffs' Motion for Entry of Judgment [47] is **GRANTED**, as is Plaintiffs' Petition for Attorney's Fees and Costs [57], and the Clerk is directed to enter **JUDGMENT** in favor of Plaintiff Barnes and against Defendants in the sum of $2,835; in favor of Plaintiff Holmes and against Defendants in the sum of $4,000; in favor of Plaintiff Joseph and against Defendants in the sum of $5,796; in favor of Plaintiff Curry and against Defendants in the sum of $3,500; and in favor of all Plaintiffs against Defendants in the sum of $68,000 as attorneys's fees and $1,435.97 as costs.

**SO ORDERED**, this   29th   day of July, 2013.

_____
RICHARD W. STORY
UNITED STATES DISTRICT JUDGE